**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL 2, ALBANY, NEW YORK PENSION FUND,
by its Administrator, STEPHEN J. O'SICK, *et. al.*,

                                        Plaintiffs,

          - v -                                        Civ. No. 1:08-CV-33
                                                           (GLS/RFT)

FOCUS ONE CONSTRUCTION CORP.,
SANDRA VARDINE, Individually and as an Officer of
Focus One Construction Corp., and
IRENEUSZ BALASINOWICZ, a/k/a ERIC
BALASINOWICZ, individually and as an Officer of
Focus One Construction Corp.
                                        Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### MEMORANDUM-DECISION AND ORDER

Presently before the Court is Plaintiffs' Motion to Compel Discovery and

Sanctions, pursuant to FED. R. CIV. P. 37.  Dkt. No. 21.[1]  Succinctly, Plaintiffs seek

an order compelling (1) written responses to Plaintiffs' First Request for Production

of Documents, (2) production of documents, (3) depositions of the Defendants, and

(4) reasonable attorney fees for filing this Motion.  Lastly, if the Motion is granted,

and Defendants fail to comply with that order, Plaintiffs petition that Defendants'

---

[1] Plaintiffs' Motion to Compel is comprised of (1) Jennifer A. Clark, Esq., Affidavit, dated
January 16, 2009, with Exhibits A-E, (2) Memorandum of Law, and (3) a proposed order.  Dkt. No.
21.

Answer be struck. *Id.*

Defendants oppose Plaintiffs' Motion, Dkt. No. 23,[2] to which Plaintiffs filed a Reply, Dkt. No. 26, Jennifer A. Clark, Esq., Aff., dated Feb. 25, 2009, with Exs. A-C.

For the reasons that following, Plaintiffs' Motion is **granted in part**.

## I. HISTORY

On January 9, 2008, Plaintiffs, fiduciaries of employee benefit funds, brought an action arising under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, seeking both monetary and injunctive relief for Defendants' alleged failure to timely remit contributions to ERISA covered plans. Dkt. No. 1, Compl.  The named Defendants are: (1) Focus One Construction Inc., (Focus One), currently a defunct corporation;[3] (2) Sandra Vardine, President of Focus One and its sole shareholder; and (3) Ireneusz Balasinowicz, an officer and the day to day manager of the business. *Id.* at ¶¶ 13-15; S. Vardine Aff. at ¶¶ 1-6.

Plaintiffs allege five causes of action against the Defendants.  In the First Cause of Action, it is alleged that Defendants owe $47,555.42 in fringe benefit contributions

[2] Defendants' opposition to Plaintiffs' Motion to Compel is comprised of two affidavits: (1) Sandra Vardine, dated February 17, 2009, and (2) Mark W. Couch, Esq., dated February 17, 2009, with Exhibit A.

[3] Per Defendants, Focus One operated from December 2004 to December 2006. S. Vardine Aff. at ¶ 3.  Although Focus One has ceased operations, it does not appear to have been dissolved since it is attempting to recover monies owed to it by pursuing litigation. *Id.* at ¶¶ 8-10.

for the period of March 2005 through July 2006.  Compl. at ¶ 28.  Plaintiffs also allege

in their Second Cause of Action, which seek to compel an audit for the period August

2006 to date, that Defendants may owe additional sums to Plaintiffs.  Dkt. No. 26,

Clark's Reply Aff. at ¶¶ 4-6.  Defendants Vardine and Balasinowicz are named in the

Third Cause of Action which alleges that in addition to being officers and manager of

Focus One, they were fiduciaries of the monies received to be utilized for the benefit

of Plaintiffs' Funds and therefore are personally liable.  Compl. at ¶¶ 37-44 (citing 29

U.S.C. § 1104); Clark Aff. at ¶ 4.[4]  Only Defendants Focus One and Sandra Vardine

have appeared in this action and filed an Answer.[5]  Dkt. No. 10.

On May 13, 2008, the Court issued a Uniform Pretrial Scheduling Order, which,

*inter alia*, set the discovery deadline as January 18, 2009.  Dkt. No. 13.  As a part of

this Motion, Plaintiffs seek an extension of the discovery deadline, which is

unopposed.  Clark Aff. at p. 8; Couch Aff. at ¶ 21.

On April 24, 2008, Plaintiffs served a Request for Production and Notice of

Deposition upon the Defendants.  Clark Aff. at ¶ 5 & Ex. B.  By a Status Report, dated

August 29, 2008, Plaintiffs revealed to the Court that more than 90 days had passed

---

[4] Defendants dispute that Defendant Vardine is personally liable for this debt.

[5] Presuming that proper service was completed, since Balasinowicz has not filed a notice of appearance, he has defaulted.  A Clerk of the Court's entry of default was filed on May 15, 2008. Dkt. No. 16.

and Defendants had not provided written responses, documents, nor appeared for a

deposition, and have failed to provide their Rule 26 Disclosures. Dkt. No. 17. In lieu

of waiting to see if Defendants would comply with Plaintiff's disclosure deadline of

September 15, 2008, this Court promptly ordered a telephone conference, which was

held on September 10, 2008. Based upon discussions had during that telephone

conference, the Court issued the following Discovery Order:

> Defendants shall serve responses to Defendants' [sic] outstanding
> discovery demands and provide the Rule 26 mandatory disclosure on or
> before October 10, 2008. If Defendants fail[] to provide the responses,
> Plaintiff may file a motion to compel and/or sanctions without seeking
> court permission.

Dkt. No. 20, Order, dated Sept. 10, 2008.

Rather than respond to the discovery demands and provide the Rule 26

mandatory disclosure, on October 24, 2008, Defendants made arrangements for

Plaintiffs' auditor and attorney to appear at Defendants' accountant's office to review

records. Based upon the review of those records present in the accountant's office,

Plaintiffs were able to estimate Defendants' liability for the period of March 1, 2005

to January 31, 2007; however, Plaintiffs' auditors were unable to complete all of the

tasks, primarily deciphering whether individuals were paid outside of the payroll,

because Defendants did not provide the general ledger, cancelled checks, nor cash

receipts and disbursements journal. Clark Aff. at ¶ 8 & Ex. D, Audit Rep. at p. 2.

Among the records Plaintiffs claim were not produced on October 24, 2008,

which would have been responsive to Plaintiffs' Requests numbered 5, 6, 9, 10, 11, 14(2)-(12), 14(14-16), and 15 through 27, include, *inter alia*, Defendant Vardine's tax returns, cash disbursement journals, cash receipt journals, cancelled checks, general ledgers, audit reports, board minutes, various types of agreements, and other contracts. Clark Aff. at ¶ 10.  In challenging the Motion, Defendant Vardine, who is a Florida resident, avers that, upon information and belief, contracts and documents were boxed and placed in storage by former employees, and she was unable to locate particular documents.  Vardine Aff. at ¶ 12.  Nevertheless, Vardine identified Focus One's former bookkeeper and accountant and stated that she believed all of the records for fiscal year 2006 were provided to Plaintiffs for an audit. *Id.* at ¶¶ 16-17 & 21. Lastly, Vardine acknowledges that she has not provided her tax returns because she files joint tax returns with her husband, who refuses to consent to their disclosure.  *Id*. at ¶ 20.

On January 16, 2009, just two days shy of the discovery deadline, Plaintiffs filed this Motion.  Approximately a month later, on February 12, 2009, Defendants produced additional records for review.  Clark Reply Aff. at ¶ 7.  Notwithstanding this additional production, Plaintiffs claim, *inter alia*, that Vardine's tax returns, the corporation's general ledgers, cash disbursement journal, cash receipt journals, audit reports, and a host of other documents were not furnished.  *Id*.

In the interim, and after the Motion was fully briefed, Defendants raised another

issue.  Apparently, among the documents recently found is a file indicating that Plaintiffs previously had audited Focus One for the same period at issue in this litigation and had issued a refund.  Dkt. No. 27, Defs.' Lt., dated Mar. 3, 2009.  On March 16, 2009, a telephone conference was held to address this new development.  The conference did not lend clarity as to what may have transpired.  Plaintiffs stated that the audit to which Defendants alluded to was for the period ending June 2006, and the current lawsuit also covers the period of August 2006 to January 2007.  Because there was an appearance of an overlap in the relevant periods and the matter could not be resolved during the telephone conference, the Court permitted both parties further opportunity to brief the matter.  Dkt. No. 32, Order, dated Mar. 16, 2009.  Nonetheless, during the conference, Defendants admitted that they have identified more documents to be shared with Plaintiffs.

Defendants reiterate that the only relevant period in this litigation is January 2005 to July 2006, to which they have an audit establishing that they have received a refund.  Dkt. No. 33, Defs.' Lt., dated Mar. 20, 2009.  In their view, since the relevant period ended in June 30, 2006, this lawsuit was commenced in error, and thus, a motion to dismiss is warranted.  *Id*. at p. 3.  To what extent this may have a bearing on discovery matters remains unclear.[6]  More telling and germane to the issue

---

[6] Although it is not a matter for the Court to decide at this juncture, Defendants complain
(continued...)

of discovery, however, Defendants explain that they were able to prevail upon a former employee to locate and retrieve more records. *Id*. at p. 2. Conversely, Plaintiffs deny Defendants' claim and in defense of their lawsuit further argue that their Second Cause of Action covers the period after June 30, 2006; hence, this litigation was not commenced in error. Dkt. No. 34, Pls.' Lt., dated Mar. 27, 2009, at pp. 2 & 4-5. Further, Plaintiffs mention that Defendants have produced some of their records in a "piece[meal] haphazard fashion," and have not, as of this date, produced all books and records needed to conduct a thorough audit, all of which has forced them to file this Motion to Compel. *Id*. at pp. 2-3 & 4-5.

## II. LEGAL STANDARD

All litigants have an obligation to comply with courts orders, including discovery orders. *Agiwal v. Mid Island Mortgage Corp*., 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted). In accordance with Federal Rule of Civil Procedure 37, a court has broad discretion in fashioning appropriate sanctions for discovery misconduct. *Treppel v. Biovail Corp*., 249 F.R.D. 111, 120-23 (S.D.N.Y. 2008) (citing throughout *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002)); *Metro. Opera Ass'n., Inc. v. Local 100, Hotel Employees and Rest.*

---

[6](...continued)
bitterly that Plaintiffs' claims of the amounts due have "escalated precipitously" because of Defendants' disclosure difficulties. Couch Aff. at ¶¶ 13-14.

*Employees Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d at 107); *see also Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d. Cir. 1990) (stating that a reviewing court will overturn a district court's application of such sanctions only where there has been an abuse of discretion). As the Second Circuit noted in *Update Art, Inc. v. Modiin Publ'g, Ltd.*, disciplinary sanctions under Rule 37 ensure that a party will not benefit from his or her failure to comply. 843 F.2d 67, 71 (2d Cir. 1988). Sanctions are specific deterrents and are imposed for the purpose of obtaining compliance with the particular order issued, and are intended as a general deterrent effect on the case at hand and the future, provided the party against whom sanctions are imposed was in some sense at fault. *Id.* (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (*per curiam*) & *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)); *see also Metro. Opera Assoc.*, 212 F.R.D. at 219 (citing *Nat'l Hockey League*, 427 U.S. at 643 & *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981) for the proposition that Rule 37 sanctions may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to use such conduct in the absence of such a deterrent).

Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(vii). Included as sanctions are the remedies of preclusion of proof against the disobedient party,

striking pleadings, dismissing part of its actions or defenses, and rendering a default judgment against a disobedient party.  FED. R. CIV. P. 37(b)(2)(A)(ii), (iii), (v) & (vi); *see also Burke v. ITT Automotive, Inc*., 139 F.R.D. 24, 34 (W.D.N.Y. 1991) (citing *Paine, Webber, Jackson & Curtis, Inc v. Immobiliaria Melia de Puerto Rico, Inc.*, 543 F.2d 3, 5 (2d Cir. 1976) for the proposition that an answer may be stricken and a counterclaim may be dismissed leading to an entry of a default judgment for the plaintiff).  Yet the imposition of a sanction should be just and commensurate with the non-compliance.  *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007).

We note that, given the harsh nature of a Rule 37(b) order of preclusion, it is "appropriate only in extreme situations," *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)), and should be imposed only when a court finds that the non-compliant party has acted wilfully, in bad faith, or with any other flagrant type of fault, *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d at 302.  Preclusion pursuant to Rules 37(b) is also within the discretion of the court pursuant to its authoritative and discretionary control over case management and calendar congestion.  *See Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd*  152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)); *see also Brown v. Lee*, 2007 WL 700950, at

*3 (N.D.N.Y. Mar. 1, 2007) (citing, *inter alia*, *Dodson*).  Moreover, this austere remedy should be employed only "after consideration of alternative, less drastic sanctions." *Shcherakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d at 140 (citations omitted).

The courts within this Circuit have found that the same test applies whether the basis for the dismissal, striking an answer, or preclusion is for a party's failure to prosecute or to abide by court order.  *See*, *e.g., Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (failure to comply with court order may be treated as a failure to prosecute).  In considering whether dismissal, striking an answer, or preclusion is the proper action here, we must consider the following: (1) the duration of Defendants' failure to comply with the Court Order; (2) whether Defendants were on notice that failure to comply would result in their answer being struck or being precluded in presenting their defense; (3) whether the Plaintiffs are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Defendants' interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal or preclusion. *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993); *Ferran v. Office of Dist. Attorney of County of Rensselaer*, 552 F. Supp. 2d 344, 346-48 (N.D.N.Y. 2008) (quoting

throughout *Jackson v. City of New York*); *see also Agiwal v. Mid Island Mortgage Corp.,* 555 F.3d at 302-03.  Generally, no one factor is dispositive.  *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d at 485.

### III. ANALYSIS

Plaintiffs are not seeking to strike Defendants' answer nor to preclude them from presenting proof in the first instance.  What they seek is a contingent remedy should the Court grant their Motion compelling further disclosure and in the event Defendants subsequently fail to comply with our latest instructions.  Whether the sanction is deferred or not, in order to impose such a severe consequence, Plaintiffs must establish that Defendants acted wilfully or in bad faith.  Nonetheless, at this juncture, our analysis of the above factors weighs in Defendants' favor.  Although the first element has been met, that is, the duration of Defendants' failure to comply with Discovery Demands has extended over an inordinate duration, and we further note that they have received countless notices from Plaintiffs highlighting their tardiness in responding to Plaintiffs' Demands and urging them to comply, Defendants may not have been put on notice that as a consequence of their failure to abide by the Federal Rules of Civil Procedure and this Court's Order their answer would be struck.  Even though the September 10, 2008 Order states that Plaintiffs could seek sanctions if Defendants failed to serve responses to Plaintiffs' outstanding demands, and it is

debatable whether noting the impositions of sanctions would reasonably entail striking the Answer, the Court did not state that the sanction would specifically and clearly include preclusion of proof or striking their answer, two extreme remedies. This factor does not balance in favor of either party. Regarding the third element, as noted below, the Court will extend the discovery deadline, which will vitiate any prejudice to the Plaintiffs. More importantly, even if Defendants had been placed on notice of a specific sanction, the Court has considered a less drastic remedy to address Defendants' failure to abide by a court order.

Defendants took more than 120 days to provide documents to the Plaintiffs thereby requiring Plaintiffs to unnecessarily seek Court intervention. Even after this Court issued an Order on September 10, 2008 directing Defendants to provide responses to Plaintiff's Demands, they did not make a diligent effort to find all of the relevant documents and deliver them to Plaintiffs at one meaningful time. Instead, Defendants partially complied with the September Order by providing some, but not all, of the documents. Once Plaintiffs initiated this Motion in January 2009, then Defendants were able to find yet another set of documents albeit still incomplete. And, during this Motion's briefing schedule, Defendants were able to find yet another set of documents, but, once again, not completing the task. This periodic, haphazard, and dysfunctional method of providing relevant documents has thwarted a timely

disposition of discovery, failed to comply with the intent of the Federal Rules of Civil Procedure, and blithely unheeded the Court's mandate.  Notwithstanding Defendants' initial protest that the documents' locations were not known, when the pressure to produce was heightened, they were able to make further calls and increase their efforts to locate and deliver more documents, incremental as it may have been.  The barometer for our determination is Defendants' lack of vigorous cooperation and full disclosure of all relevant documents when first ordered.  If the first round of disclosure did not satisfy discovery, why would Defendants think that the prospect of repeating the discovery process the same way would receive the Court's endorsement?  And still the most critical documents, general ledgers and cash receipt and disbursement journals, have not been produced.  In the scheme of things, because of Defendants' dilatoriness, they are deemed to be a disobedient party.  An order compelling further disclosure is warranted.

The inquiry into Vardine's tax returns is relevant to this litigation and there is a compelling need for her financial information since, as a fiduciary of Focus One's employment benefit funds, she may be potentially liable.  *See supra* note 4.  Because her tax returns were jointly filed with her husband, she disclaims that she is unable to disclose those returns because her husband is withholding his consent.  The Court recognizes that her husband's withheld consent poses an obstacle for providing this

information.  However, realizing this obstacle, Vardine should not have resigned herself to the belief that she is fully exonerated from disclosing her personal financial information. Rather, it is incumbent upon her to provide alternative sources for this information, especially if less intrusive sources exist.  *Trudeau v. New York State Consumer Prot. Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006) (citations omitted); *Patrick Carter Ass'n Inc. v. Rent Stablization Ass'n of N.Y.C. Inc.*, 1992 WL 167387, at *2 (S.D.N.Y. June 26, 1992) (citations omitted).  Here, none were proposed by Defendants.

Disclosure violations notwithstanding, the Court concedes that requiring Vardine to disclose tax returns that also include her husband's confidential financial information is an acerbic cure for her disclosure dalliances.  Yet, Vardine's financial information can be gleaned from other sources.  Therefore, Vardine is directed to provide Plaintiffs with a net worth statement, listing all assets and liabilities, even if jointly owned or incurred, and her gross and net income for the years 2005 to present.  This financial information shall be provided in an affidavit.  Further, Vardine shall submit to a deposition, which will explore, *inter alia*, her financial information.  Any and all other objections to disclosing Vardine's financial information is deemed waived.

Next, Plaintiffs seek reasonable attorney fees for having to bring this Motion

to Compel.  In the event a party fails to adhere to a court order, Rule 37(b)(2)(C)

pellucidly states that "the court **must** order the disobedient party . . . to pay the

reasonable expenses, including attorney's fees, caused by the failure, unless the failure

was substantially justified or other circumstances make an award of expenses unjust."

FED. R. CIV. P. 37(b)(2)(C) (emphasis added).  Compounding matters for Defendants,

Rule 37(a)(5)(A) promulgates that "[i]f the motion is granted - **or if the disclosure or**

**requested discovery is provided after the motion was filed** - the court **must** . . .

require the party . . . whose conduct necessitated the motion . . . to pay the movant's

reasonable expenses, . . . including attorney's fees."  FED. R. CIV. P. 37(a)(5)(A)

(emphasis added).  In this respect, arguing that Defendants' omissions led Plaintiffs

to file this Motion, Plaintiffs seek attorney fees and expenses in the amount of

$2,801.25.  Although Defendants have challenged most of Plaintiffs' Motion and the

application for attorney fees in principle, they do not assail the calculation of the fee

as unreasonable.  Nonetheless, the Court finds the billing rate and the hours expended

in submitting this Motion are reasonable.  We also find that Defendants have not

provided substantial justification for the piecemeal and haphazard manner in which

they responded to Plaintiffs' discovery demands.  It was Defendants' discovery inertia

that necessitated this Motion.  Moreover, appreciable disclosure was performed after

Plaintiffs filed their Motion.[7]

Because of Defendants' noncompliance, they shall provide responses to all of Plaintiffs' outstanding Discovery Demands, produce further records that may be in their possession, and Ms. Vardine shall submit to a deposition within the Northern District of New York.  Any and all legal objections are deemed waived.

## IV.  CONCLUSION

Accordingly, based upon the analysis above, it is hereby

**ORDERED**, that Plaintiffs' Motion to Compel (Dkt. No. 21) is **granted in part**; and it is further

**ORDERED**, that Defendants shall provide written responses to all of Plaintiffs' outstanding Discovery Demands and produce documents, consistent with this Order, on or before **June 15, 2009**, with the exception that Vardine's financial disclosure affidavit shall be provided on or before **June 30, 2009**; and it is further

**ORDERED**, that Defendant Vardine shall be deposed within the Northern District of New York, at Blitman & King LP, 800 Troy-Schenectady Road, Second Floor, Latham, New York, on or before **July 30, 2009**; and it is further

---

[7] Consistent with what we have found above, initially, Defendants' counsel averred that "all documents relevant . . . have been reviewed with the possible exception of Ms. Vardine's personal tax return.  Couch Aff., dated Feb. 17, 2009, at ¶ 20.  The Court now knows, however, that said averment is not entirely accurate because Defendants made subsequent document disclosures after the commencement of this Motion and the filing of their Opposition.  *See* Dkt. Nos. 33 & 34.

**ORDERED**, that Defendants shall pay $2,801.25 to Plaintiffs' attorneys, Blitman & King LLP, on or before **August 30, 2009**; and it is further

**ORDERED**, that the Uniform Pretrial Scheduling Order shall be amended as follows: (a) discovery deadline is **September 18, 2009**; (2) the final day to file dispositive motions is **October 18, 2009**; and (3) all other provisions of the Scheduling Order shall remain in effect; and it is further

**ORDERED**, that **FAILURE TO ABIDE BY THIS COURT ORDER IN GOOD FAITH SHALL LEAD TO THE COURT GRANTING SANCTIONS THAT MAY INCLUDE STRIKING THE ANSWER AND/OR PRECLUDING DEFENDANTS' PROOF**; and it is further

**ORDERED**, that should Defendants fail to comply with this discovery order, Plaintiffs may file another motion seeking sanctions that may include striking Defendants answer and/or precluding Defendants from offering proof at trial.

**IT IS SO ORDERED**.

May 13, 2009
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge